In the Matter of the Claim of PERCY SIMON, Respondent, against DAYSTROM CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a laborer. On February 6, 1950, while unloading a coal car in the course of his employment he fell, striking his back. He had been suffering, among other things, arthritis of the low lumbar segments in the back, limitation of motion and tenderness. There is medical opinion that the fall aggravated the pre-existing arthritic condition of the back. It is argued by appellant that this evidence is not substantial; but it is an unequivocally stated medical view co-ordinated with the X-ray demonstration of the existence of the arthritis. The finding of the board that claimant's disability was in part based on the accident has sufficient support in the record. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of WALTER J. WEAVER, Respondent, against KNOLLWOOD COUNTRY CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board which allowed compensation to claimant for 20% loss of use of the left hand. The sole question involved is whether claimant's injury arose out of and in the course of his employment. The referee disallowed the claim on the ground the accident did not arise out of and in the course of claimant's employment, and the board, one member dissenting, reversed the referee and made the award. Claimant was manager of a country club and lived on the club premises. On the date in question he left the club in his own car at about 2:00 P.M., and went to a bank in White Plains, about one mile from the club, where he changed some large bills into smaller ones and cashed some checks for use at the club. He then proceeded with his wife to Laurelton, Long Island, some fifteen or twenty miles from the club, for the sole purpose of paying a social visit to his wife's parents. He remained at the home of his wife's parents until shortly after midnight, and on his way home he injured his hand while engaged in the process of changing a tire on his car. It appears without dispute that claimant had deviated from his employment, and for many hours prior to the accident had been engaged in a purely personal activity wholly unrelated to his employment. It is urged that claimant was on twenty-four hour duty and subject to call at all times. However, in that regard claimant testified: " I lived on the premises and more or less was subject to call for 24 hours while I was there ". Claimant's accident, which occurred many miles from the scene of his employment and while he was on a personal mission, did not arise out of and in the course of his employment. (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20; *Matter of Glickman* v. *Greater N. Y. Taxpayers*, 305 N. Y. 431.) Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.